■ ARISTIDE D'ARISTOTILE et al., Respondents, v CITY OF BINGHAMTON et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered September 29, 1980 in Broome County, which, *inter alia,* granted a motion by the City of Binghamton and Doron Precision Systems, Inc., to dismiss various causes of action in the amended complaint unless plaintiffs serve a supplemental summons within 20 days on the Broome County Industrial Development Agency. Since a supplemental summons has been served upon the Broome County Industrial Development Agency (BCIDA) in accordance with the condition imposed by Special Term, the instant appeal is solely concerned with its denial of a motion to dismiss certain causes of action in the complaint. In our view, its decision represents a proper disposition of this matter at the pleading stage. Whether the City of Binghamton took into consideration provisions of its comprehensive zoning plan when it created a planned development district in a somewhat limited area raises issues which state a cause of action (see *Udell v Haas,* 21 NY2d 463). Moreover, the allegations of the complaint present the further question of whether the change in zoning effected by the means employed herein violated

the traditional concepts of a planned development district or, secondarily, constituted spot zoning *(Rodgers v Village of Tarrytown,* 302 NY 115, 123; 1 Anderson, New York Zoning Law and Practice, § 8.28, pp 368, 369-370). We also agree with Special Term that the BCIDA may not be pursuing a governmental function when it acts as the vehicle to effectuate a zoning change to accommodate the private commercial interests of defendant Doron Precision Systems, Inc. (cf. *Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 742). Thus, it might not be exempt from zoning requirements and the complaint against it should stand. Finally, the plaintiffs, as adjoining property owners, have clearly identifiable interests to protect and possess the necessary standing to maintain this action *(Little Joseph Realty v Town of Babylon, supra).* Order affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.